**FILED**
**May 03, 2023**
**10:32 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Rucker, Jr. | ) Docket No. 2021-08-0611 |
| | ) |
| v. | ) State File No. 46819-2020 |
| | ) |
| Federal Express Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee contends the trial court erred in denying his request for medical and temporary disability benefits following an expedited hearing. The employee alleged he suffered injuries to his head, neck, and back when a crate fell on him at work. Subsequently, the employee suffered a stroke, which he claims was causally related to the work accident. The employer did not deny that the original incident occurred but denied that it resulted in any permanent injury or caused the stroke. The authorized physicians performed diagnostic testing, provided conservative care, opined there were no objective findings, and released the employee from their care. Following an expedited hearing, the trial court determined the employee was not likely to prevail at a hearing on the merits, as he presented no medical proof to support his contention the stroke was causally related to the work accident. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Willie Rucker, Jr., Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller and Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

# Memorandum Opinion[1]

Willie Rucker, Jr., ("Employee") alleged that while in the course and scope of his work on July 18, 2020, at Federal Express Corporation ("Employer"), a crate fell on him, hitting his head and upper body. Following this incident, Employer provided him with orthopedic and neurology panels, and Employee selected Dr. Riley Jones and Dr. Alan Nadel, respectively.

At his initial appointment with Dr. Jones on August 26, 2020, Employee complained of pain in his low back and neck. Dr. Jones ordered MRIs of Employee's back, neck, and pelvis, as well as EMGs of his upper and lower extremities and a bone scan. Dr. Jones also ordered physical therapy, which Employer provided. On December 16, 2020, Dr. Jones opined that the EMGs were normal, and Employee's complaints were "degenerative and non-acute." He further stated that Employee's orthopedic complaints did not meet "the 51% causation rule to be considered under Workers' Compensation."

Employee also treated with Dr. Nadel during this time for his neurologic complaints. At Employee's initial appointment on September 3, 2020, Dr. Nadel diagnosed Employee with a "mild posttrauma headache without any residual neurologic deficit." After several appointments, Dr. Nadel performed a final examination of Employee on January 14, 2021, which he stated was "really unremarkable." Dr. Nadel also completed a C30A Final Medical Report on that same date releasing Employee at maximum medical improvement with no permanent impairment.

Following his release from Dr. Nadel's care, Employee alleged he suffered a stroke that was causally related to the work injury. At an expedited hearing convened to address Employee's request for medical care and temporary disability benefits, Employee introduced medical records from March 2021, wherein he was diagnosed with an acute ischemic stroke. These records contained no statement regarding the cause of the stroke. Employee further testified he had never had a stroke prior to the work incident in 2020. Conversely, Employer relied on the medical opinions of both Dr. Jones and Dr. Nadel, as well as medical records from 2015 indicating Employee suffered from an "acute cerebrovascular incident" following a home invasion and burglary.

Following the expedited hearing, the trial court entered an order denying the requested disability and medical benefits, stating Employee had presented no expert medical proof to support his contention that his stroke was causally related to the work incident. It further relied on Dr. Nadel's medical records indicating there were no objective findings and releasing Employee from neurological care.

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

Employee has appealed that order, stating on his notice of appeal that "Dr. Riley Jones, M.D., and Dr. Nadel made a false injury report on me and said no need to see me anymore/said I was too old to work at FedEx." Employee did not file a brief on appeal, although he did file a "Statement" indicating there is a video of the incident he would like Employer to produce. There is no indication in the record Employee previously sought this video and was denied access; further, he does not provide any reasoning or legal explanation for the necessity of the video, as Employer does not deny the incident occurred. Moreover, Employee has pointed to no documents, records, or pleadings filed with the trial court or admitted into evidence regarding the purported "false injury report(s)" of Drs. Jones and Nadel. Finally, Employee has presented no argument as to how the trial court erred in its order. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). We cannot comb the record for possible errors and raise issues and arguments for Employee, as we would then be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

The trial court reviewed numerous medical records and considered the testimony of Employee at the expedited hearing. The authorized physicians opined that there were no objective findings and no permanent injury primarily related to the work incident, and Employee presented no medical evidence that his subsequent stroke was causally related to the accident at work. Accordingly, we agree with the court's determination that Employee did not establish that he was likely to prevail at a hearing on the merits.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Rucker, Jr. | Docket No. 2021-08-0611 |
| v. | State File No. 46819-2020 |
| Federal Express Corporation, et al. | |
| Appeal from the Court of Workers' Compensation Claims Amber E. Luttrell, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of May, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Willie Rucker, Jr. | | | | X | willruck777@gmail.com |
| Stephen P. Miller | | | | X | smiller@mckuhn.com mdoherty@mckuhn.com jbaker@mckuhn.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov